The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 18, 2019, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: October 18, 2019



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EVON ASHBY, | ) | Case No. 18-42436 |
|    Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| CAROUTHERS MANAGEMENT | ) | |
| AND CONSULTING, LLC, | ) | Adversary Proceeding |
|    Plaintiff. | ) | No. 19-4012 |
| | ) | |
| v. | ) | |
| | ) | |
| EVON ASHBY, | ) | |
|    Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion for summary judgment (Docket No. 12) of plaintiff-creditor Carouthers Management and Consulting, LLC ("the creditor"). The creditor contends that it is entitled to

---

[1] This Opinion is not intended for official publication.

summary judgment in its nondischargeability action against Evon Ashby ("the debtor") based on the issue preclusive effect of a state court judgment awarding compensatory damages, punitive damages, and attorney's fees against the debtor. For the reasons that follow, the creditor's motion for summary judgment is denied.

## JURISDICTION

This Court has jurisdiction over this action. Determinations of dischargeability under 11 U.S.C. § 523 are core proceedings under 28 U.S.C. § 157(b)(2)(I) and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio. In addition, the creditor has expressly consented to the bankruptcy court entering a final judgment in its complaint, (Docket No. 1) and the debtor has impliedly consented by failing to comply with the Court's order requiring the debtor to file a supplement to her answer by May 24, 2019, indicating whether she consents to the bankruptcy court entering a final judgment (Docket No. 5). *See Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015) (consent need not be express, but must be knowing and voluntary and may be based on actions rather than words).

## FACTUAL AND PROCEDURAL HISTORY

Unless otherwise indicated, the following facts are not in dispute. On August 7, 2015, the creditor filed a complaint against the debtor and other defendants in the Common Pleas Court of Mahoning County (Docket No. 19,

Exhibit C). In the state court complaint, the creditor asserted that the debtor breached her fiduciary duty under Ohio Revised Code § 1705.29(D). The breach of fiduciary duty claim in Count IV of the state court complaint is the only claim that specifically included the debtor (Docket No. 23, Exhibit B). The complaint requested an award of compensatory damages, punitive damages, and attorney's fees.

On June 30, 2016, the creditor moved for summary judgment in the state court case. On August 22, 2016, the magistrate granted summary judgment, as to liability only, against the debtor and another defendant. On February 7, 2017, the state court conducted a hearing on damages. Steven Carouthers testified on behalf of the creditor. The debtor and the other defendants did not appear (Docket No. 23, Exhibits A & B). On March 27, 2017, a magistrate rendered a judgment against the debtor and the other codefendants in the amount of $424,941.10 in compensatory damages, $200,000 in punitive damages, and $20,125.49 in attorney's fees, which the judge of the Common Pleas Court adopted on April 24, 2017 (Docket No. 23, Exhibits A & B).

On December 6, 2018, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 18-42436). On March 18, 2019, the creditor filed this adversary proceeding against the debtor objecting to the debtor's discharge pursuant to 11 U.S.C. § 523 (Adv. No. 19-4012, Docket No. 1). The

3

adversary complaint seeks a determination that the state court judgment awarding the creditor compensatory damages, punitive damages, and attorney's fees is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). On April 17, 2019, the debtor filed an answer to the complaint (Docket No. 4)

On July 30, 2019, the creditor moved for summary judgment (Docket No. 12). The motion asserts that the state court award of compensatory damages, punitive damages, and attorney's fees is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and/or (a)(6) because of the issue preclusive effect of the state court's judgment. On September 6, 2019, the debtor responded to the motion for summary judgment, arguing that disputes of material fact exist and that the state court judgment does not preclude litigation of the dischargeability of this debt (Docket No. 19). On September 20, 2019, the creditor filed a reply brief (Docket No. 21). Pursuant to the Court's marginal order dated September 23, 2019 (Docket No. 22), the creditor filed a supplemental motion for summary judgment on September 25, 2019, which included the exhibits that the creditor failed to attach to the original motion (Docket No. 23)

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## DISCUSSION

The issue in this adversary proceeding is not whether the debtor is liable to the creditor pursuant to the state court judgment. The Mahoning County Court of Common Pleas has already determined that the debtor is jointly and severally liable to the creditor in the amount of $424,941.10 in compensatory damages, $200,000 in punitive damages, and $20,125.49 in attorney's fees. This Court does not stand in review of the state court's decision. If the debtor believes that the state court erred, the proper place to seek relief is with the state court that entered the

5

judgment or by appeal. Rather, the question at issue in this adversary proceeding is whether any portion of that state court judgment survives the debtor's Chapter 7 discharge under 11 U.S.C. § 523(a)(4) or (a)(6).

DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

Section 523 of the Bankruptcy Code provides, in pertinent part:

> (a) A discharge under section 727 . . . of this title does not discharge an individual from any debt—
> . . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . .

The Sixth Circuit has defined defalcation to encompass "not only embezzlement and misappropriation by a fiduciary, but also the failure to properly account for such funds." *Bd. of Trs. of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639 (6th Cir. 2007) (citations omitted).

> A debt is nondischargeable as a defalcation when the preponderance of the evidence establishes: (1) a preexisting fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss.

*Id.* (citations omitted). "Fiduciary capacity," as applied in the defalcation provision of § 523, is construed more narrowly than the term is used in other contexts. The defalcation provision applies only to express or technical trusts, and "does not apply to someone who merely fails to meet an obligation under a common law fiduciary relationship. . . . Accordingly, the defalcation provision applies to only those situations involving an express or technical trust relationship

6

arising from placement of a specific res in the hands of the debtor." *Id.* at 639-40 (citations omitted).

In addition, the Supreme Court recently addressed the state of mind requirement for defalcation under § 523(a)(4) of the Bankruptcy Code in *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013). In *Bullock*, the Supreme Court held that defalcation under § 523(a)(4) "includes a culpable state of mind requirement akin to that which accompanies application of the other terms in the same statutory phrase . . . one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." 569 U.S. at 269.

Embezzlement is defined as the "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). "A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." *In re Bucci*, 493 F.3d at 644 (quoting *In re Brady*, 101 F.3d at 1173).

The degree of fraud required for embezzlement is fraud in fact involving moral turpitude or intentional wrongdoing, for the purpose of permanently depriving another of his property. *Cash Am. Fin. Servs., Inc. v. Fox (In re Fox)*, 370 B.R. 104, 116 (B.A.P. 6th Cir. 2007). Since a debtor is unlikely to admit to

7

acting with bad motives, fraudulent intent may be shown through circumstantial evidence. *Id.* at 116. The court may be aided in its subjective analysis by the presence of traditional indicia of fraud—"e.g., suspicious timing of events, insolvency, transfers to family members or other insiders." *Automated Handling v. Knapik (In re Knapik)*, 322 B.R. 311, 316 (Bankr. N.D. Ohio 2004). The court should review the circumstances surrounding the case and determine "whether all the evidence leads to the conclusion that it is more probable than not that the debtor had the requisite fraudulent intent. *Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 282 (6th Cir. 1998).

For embezzlement, a creditor may establish circumstances indicating a debtor's fraudulent intent, even if the debtor did not make a misrepresentation or misleading omission on which the creditor relied. *In re Fox*, 370 B.R. at 116. As a result, the creditors do not need to demonstrate justifiable reliance to prove "fraud in fact" under § 523(a)(4).

For purposes of § 523(a)(4), larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 166 n.3 (Bankr. N.D. Ohio 2003). The original taking of the property must have been unlawful. *See Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke)*, 212 B.R. 375, 381 (Bankr. D. Kan. 1997).

8

## DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

Section 523 of the Bankruptcy Code provides, in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual from any debt—
> . . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

11 U.S.C. § 523(a)(6). In order to except a debt from discharge under § 523(a)(6), the creditor has the burden of proving by a preponderance of the evidence that the debtor's conduct was willful and malicious. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991) (distinguishing between a creditor's burden to prove validity of a claim and burden to prove nondischargeability). The injury must be both willful and malicious. *See In re Markowitz*, 190 F.3d 455, 463 (6th Cir. 1999); *In re Trantham*, 304 B.R. 298, 306 (B.A.P. 6th Cir. 2004). A willful and malicious injury must be "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).

## ISSUE PRECLUSION

Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *See Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 704 (6th Cir. 1999). It is well established that issue preclusion

principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues that were already decided in a state court. *See, e.g.*, *Grogan*, 498 U.S. at 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress intended the bankruptcy court to determine the final result—dischargeability or not—does not require the bankruptcy court to redetermine all the underlying facts.' ").

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See Marrese*, 470 U.S. at 381. Accordingly, in this case the Court will apply Ohio's law on issue preclusion to the Ohio court's judgment against the debtor. *In re Fordu*, 201 F.3d at 703.

> Under Ohio law, the doctrine of issue preclusion
>
> applies when a fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent

10

> jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action."

*Id.* at 704 (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994)); *accord In re Sweeney*, 276 B.R. 186, 192-95 (B.A.P. 6th Cir. 2002) (applying "actually and directly litigated" element of Ohio issue preclusion law); *In re Rebarchek*, 293 B.R. 400, 405 (Bankr. N.D. Ohio 2002) (same).

It is clear that the debtor was a party in the prior action. Additionally, the creditor filed a copy of the state court judgment (Docket No. 23), which shows that the state court matter was determined by a court of competent jurisdiction. Accordingly, the critical question is whether the issues needed to establish nondischargeability under § 523(a)(4) or (a)(6) of the Bankruptcy Code were actually and directly litigated in the prior action.

Although the Court was not provided with the state court's order granting summary judgment against the debtor, the debtor provided the Court with the state court complaint. The state court complaint shows that the creditor's only allegation against the debtor was for breach of fiduciary duty in Count IV. Therefore, the Court can conclude that summary judgment was granted against the debtor on the ground of breach of fiduciary duty.

A debt is nondischargeable under § 523(a)(4) if the debtor has committed "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or

11

larceny." The state court's finding that the debtor breached her fiduciary duty to her employer and the creditor fails to establish any of the several nondischargeability provisions under § 523(a)(4). Count IV of the state court complaint says nothing about "fraud," "embezzlement," or "larceny." Nor does the breach of fiduciary duty owed to an employer establish "defalcation while acting in a fiduciary capacity" under the test established by the Sixth Circuit, which requires an express or technical trust relationship. *See In re Bucci*, 493 F.3d at 639-40. Therefore, while the debtor's breach of fiduciary duty may have been actually and directly litigated in state court, that issue fails to establish any of the nondischargeability provisions under § 523(a)(4).

A debt is nondischargeable under § 523(a)(6) if the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity." Debts that arise from "recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhua v. Geiger*, 523 U.S. at 64. Ohio state courts have also made clear that "the terms 'willful' and 'reckless' 'describe different and distinct degrees of care and are not interchangeable.' " *Newcomer v. Natl. City Bank*, 2014-Ohio-3619, ¶ 59, 19 N.E.3d 492, 504 (citing *Anderson v. Massillon,* 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266).

Pursuant to Ohio Revised Code § 1705.29(D), liability for breach of fiduciary duty arises when "the manager's action or failure to act involved an act

12

or omission undertaken with deliberate intent to cause injury to the company or undertaken with reckless disregard for the best interests of the company." Thus, a state court finding that the debtor breached her fiduciary duty could be based on a determination that she acted either with deliberate intent to cause injury *or* with reckless disregard for the best interests of the company. Without a more complete record from the state court, this Court has no way of knowing whether the state court actually decided that the debtor's actions were undertaken "with deliberate intent to cause injury to the company" as opposed to "with reckless disregard for the best interests of the company." Therefore, while the debtor's breach of fiduciary duty may have been actually and directly litigated in state court, that issue fails to establish the "willful" requirement for nondischargeability under § 523(a)(6). The finding of "actual malice" under state law; however, may be sufficient to establish the "malicious" requirement under § 523(a)(6). *In re Dardinger*, 566 B.R. 481, 502 (Bankr. S.D. Ohio 2017) ("[B]ankruptcy courts applying the doctrine of issue preclusion routinely conclude that an award of punitive damages by an Ohio state court establishes that the court has made the findings sufficient to satisfy the 'malice' requirement of § 523(a)(6).").

13

## CONCLUSION

For the reasons stated above, the creditor's motion for summary judgment is denied. The November 13, 2019, trial and trial-related deadlines in the scheduling order (Docket No. 5) remain in effect.

IT IS SO ORDERED.